**FILED & ENTERED**

**OCT 13 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell  **DEPUTY CLERK**

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>BRIAN J. COOK and VICTORIA VELASQUEZ COOK,<br><br>Debtor. | Case No. 2:15-bk-10768-RK<br><br>Chapter 7<br><br>Adv. No. 2:16-ap-01318-RK |
| HEIDE KURTZ, solely in her capacity as the Chapter 7 Trustee for the Bankruptcy Estate of Brian J. Cook and Victoria Velasquez Cook,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURY WEST FINANCIAL CORP., a California corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Pending before the court in the above-captioned adversary proceeding is the motion of plaintiff Heide Kurtz, Chapter 7 Trustee in this bankruptcy case ("Plaintiff"), for default judgment on her first, fourth and seventh causes of action against Defendant Century West Financial Corp. ("Defendant"). Electronic Case Filing No. (ECF or Docket No.) 13. Kyra E. Andrassy, of the law firm of Smiley Wang-Ekvall, LLP, represents Plaintiff. Defendant, whose default has been entered by the Clerk of Court in this

1  adversary proceeding, ECF 10, did not file any response to the motion for default

2  judgment.

3        On July 19, 2016, Plaintiff commenced this adversary proceeding by filing a

4  complaint that, among other things, asserted the following causes of action: the first

5  cause of action for declaratory relief against Defendant to determine that the Evergreen

6  lien is void, the fourth cause of action for declaratory relief against Defendant that the

7  Defendant lien is void, and the seventh cause of action for fraud . ECF 1.  Defendant did

8  not serve or file any response to the complaint by the deadline of August 19, 2016 as set

9  forth in the summons service filed with the court and Plaintiff's request for entry of default

10  and declaration in support thereof.  ECF 7, 8 and 9.  On August 22, 2016, Plaintiff filed a

11  request for the Clerk of Court to enter default under Local Bankruptcy Rule 7055-1(a),

12  ECF 8, and default was duly entered against Defendant, ECF 10.  On September 29,

13  2016, Plaintiff filed the instant motion for default judgment, and served copies of the

14  moving papers on defendant by mail.  ECF 13.

15        Having read and considered Plaintiff's motion for default judgment and the record

16  otherwise before the court, the court rules as follows:

17      1. As to Plaintiff's first cause of action for declaratory relief against Defendant to

18          determine that the Evergreen lien is void, Plaintiff's fourth cause of action for

19          declaratory relief against Defendant Century West Financial Corp. that the

20          Century West Financial Corp. lien is void, and Plaintiff's seventh cause of

21          action for fraud, the court determines that the motion for default judgment

22          should be and is granted for the reasons stated in the moving papers.

23      2. Regarding Plaintiff's request for compensatory damages through the seventh

24          cause of action, Motion for Default Judgment at 8-9, the court may award

25          compensatory damages against defendant in an action incurred as a result of a

26          fraudulently obtained title document, including the cost of the legal proceedings

27          necessary to remove the cloud on title, under state law. *Forte v. Nolfi,* 25

28

1  Cal.App. 3d 656, 686 (1972)(citations omitted).  However, due to procedural

2  due process concerns, the court grants Plaintiff's request in part and denies it

3  in part. Specifically, the court determines that the request in part contravenes

4  Federal Rule of Civil Procedure 54(c) ("FRCP"), made applicable to this

5  adversary proceeding by Federal Rule of Bankruptcy Procedure 7054, stating,

6  "A default judgment must not differ in kind from, or exceed in amount, what is

7  demanded in the pleadings."  "This assures the 'fundamental fairness' required

8  by due process of law.  Defendant may have decided to allow a default

9  judgment to be taken based on the relief prayed for in the complaint.  It would

10  be unfair to allow plaintiff to obtain different relief."  Wagstaffe, *Rutter Group*

11  *Practice Guide: Federal Civil Procedure Before Trial (National Edition),* ¶ 6:131

12  at 6-36 (online ed. March 2016 update), *citing, Fehlhaber v. Fehlhaber,* 681

13  F.2d 1015, 1024-1025 (5th Cir. 1982).  Plaintiff in the prayer for relief in her

14  complaint did not pray for a specific amount of damages, but sought an award

15  of "attorney's fees and costs as provided by law, " "costs of suit" and "[s]uch

16  other and further relief as the Court may deem just and proper."  ECF 1 at 12.

17  Under Federal Rule of Civil Procedure 8(a)(3), the complaint must allege a

18  "demand for the relief sought . . . ."  *See,* Wagstaffe, *Rutter Group Practice*

19  *Guide: Federal Civil Procedure Before Trial (National Edition),* ¶ 6:132 at 6-37.

20  "But such general allegations of damages will *not* support a default judgment

21  for a greater, unlimited amount.  'Fundamental fairness' limits plaintiff to the

22  greatest amount specifically alleged in the complaint."  *Id.* (emphasis in

23  original)*, citing, Fehlhaber v. Fehlhaber,* 681 F.2d at 1025.  Since Plaintiff did

24  not specify any amount of attorneys' fees as compensatory damages, the

25  general rule would not allow any fees as damages.  However, there may be an

26  exception to the general rule applicable here to allow a partial amount of

27  attorneys' fees.  "While FRCP 54(c) limits damages to the amount pleaded in

28

1   the complaint, the rule is not violated when a court awards damages on a

2   default hearing that accrued during pendency of the action if the complaint put

3   defendant on notice that plaintiff might seek such damages."  Wagstaffe, *Rutter*

4   *Group Practice Guide: Federal Civil Procedure Before Trial (National Edition),*

5   ¶ 6:131.1 at 6-36, *citing, Boland v. Yoccabel Construction Co.,* 293 F.R.D. 13,

6   18-19 (D. D.C. 2013).  This limited exception appears to apply since Plaintiff in

7   the prayer for relief in her complaint in this adversary proceeding requested an

8   award of attorneys' fees and costs, which arguably could apply to such fees

9   and costs incurred during the pendency of this adversary proceeding and it

10  would not be "fundamentally unfair" to award such fees and costs on this

11  complaint.  Thus, under this limited exception, the court may award

12  compensatory damages for the attorneys' fees that Plaintiff incurred during the

13  pendency of this action, which is based on the counsel declaration in support of

14  the motion to be the amount of $12,263.50, as well as the costs of $150.00 for

15  filing the complaint in this adversary proceeding.  However, the other claimed

16  attorneys' fees and costs were not incurred during the pendency of this

17  adversary proceeding, but were incurred before the adversary proceeding and

18  were thus known to Plaintiff and the amounts incurred could have been alleged

19  in the complaint under Federal Rule of Civil Procedure 8(a)(3).  The other

20  attorneys' fees and costs were incurred by the debtors Brian J. Cook and

21  Victoria Velasquez Cook ("Debtors") for the services of their attorney in the

22  state court action that Chase brought against them, which raised the issue of

23  defendant's fraudulent trust deed.  Since these fees and costs were incurred

24  before this adversary proceeding was commenced, the court determines that

25  Plaintiff should not be awarded compensatory damages for the fees and costs

26  Debtors' counsel incurred, $21,104.00 and $519.71, respectively, and the

27  attorneys' fees that Plaintiff incurred for the services of her attorneys in that

28

4

action, $17,808.00, because such fees and costs were not incurred during the pendency of this adversary proceeding and there is insufficient notice to Defendant that such damages are being alleged in the complaint.  The prayer for relief in Plaintiff's complaint requests "attorney's fees and costs as provided by law", Complaint, ECF 1 at 12, and does not specifically request the fees and costs that Debtor's counsel incurred, $21,104.00 and $519.71, respectively, and the fees Plaintiff incurred, $17,808.00, related to the Chase action, which amounts were apparently known to Plaintiff at the time that she filed the complaint in this adversary proceeding.  Accordingly, while the court allows Plaintiff's request for $12,263.50 in fees and $150.00 in costs incurred during the pendency of this adversary proceeding, the court denies Plaintiff's request for the fees and costs Debtor's counsel incurred, $21,104.00 and $519.71, respectively, and the fees Plaintiff incurred, $17,808.00, related to the Chase Action.

3. Plaintiff could possibly file and serve an amended complaint to seek the attorneys' fees and costs not allowed by this order if sufficient notice of the demand for such fees and costs is given to Defendant in an amended complaint.  *See,* 10 Wright, Miller, Kane, et al., *Federal Practice & Procedure,* § 2663 (3rd ed. online ed. April 2016 update)(allowing amendment "may present the better course" of action where damages are underpled).  If Plaintiff elects not to file and serve an amended complaint to seek an award of the disallowed attorneys' fees and costs, then Plaintiff must lodge a judgment consistent with this order within 30 days of the date of entry of this order.

///

///

///

5

4. The remaining claims for relief, the second cause of action to avoid and preserve the Evergreen lien as a fraudulent transfer pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.04(a)(2), the third cause of action to avoid and recover fraudulent transfer of the Evergreen lien pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.05, the fifth cause of action to avoid and preserve the Century West lien as a fraudulent transfer pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.04(a)(2), and the sixth claim for relief to avoid and preserve the Century West lien as a fraudulent transfer pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.05, are dismissed without prejudice at Plaintiff's request based on the court's granting of this motion.

IT IS SO ORDERED.

### 

Date: October 13, 2016

_____
Robert Kwan
United States Bankruptcy Judge